UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANKUNITED, N.A., a National
Bank as Administrative Agent,

    Plaintiff,

v.                           Case No. 8:15-cv-1357-T-33TBM

MILLIMAN, INC., a Washington
Corporation,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Milliman, Inc.'s Motion to Dismiss (Doc. # 7), filed on June 10, 2015. Plaintiff BankUnited, N.A. filed a response in opposition to the Motion on July 2, 2015. (Doc. # 25). Thereafter, with leave of Court, Milliman filed a reply to BankUnited's response. (Doc. # 28). For the reasons stated below, the Court grants Milliman's Motion. However, this action is dismissed without prejudice so that BankUnited may file an amended complaint in order to cure the deficiencies detailed herein.

**I.**   **Background**

BankUnited brings this action as Administrative Agent to a lender group comprised of Capital Bank, Mercantil

Commercebank, Israeli Discount Bank, and BCI Miami ("Plaintiff")[1]. (Doc. # 2 at 1). According to the Complaint, Plaintiff "entered into a $60 million lending facility with Universal Health Care Group, Inc. [("UHG")], pursuant to a Credit Agreement dated April 6, 2012." (Id. at ¶ 6). This Agreement was guaranteed by one of UHG's subsidiaries – American Managed Care, LLC ("AMC"). (Id.).

"In determining whether to approve the Loan, Plaintiff performed due diligence reviewing business and financial information of UHG, [Universal Health Care, Inc. ("UHC") and Universal Health Care Insurance Company, Inc. ("UHCIC")]." (Id. at ¶ 8). Among the information reviewed and relied upon was "[Milliman's] certified actuarial opinions and projections for UHC and UHCIC, which showed that the companies were solvent and on good financial footing as of 2011." (Id.). However, "[i]n reality and unknown to Plaintiff, UHC's and UHCIC's statutory reserves and projections were grossly misstated, and their outstanding medical claims were grossly understated for 2011." (Id.). Indeed, "rather than a

---

[1] Throughout this Order, the Court will refer to these banks collectively as Plaintiff. However, when solely addressing BankUnited, the Court will refer to it as BankUnited.

2

significant multi-million dollar profit, UHC and UHCIC actually experienced a loss of tens of millions of dollars." (Id.).

Plaintiff argues that Milliman knew that third-parties, including Plaintiff, would rely on the actuarial work that it did for UHG and its subsidiaries, and therefore, "had an obligation to ensure that the information in the statements of actuarial opinion that [Milliman] issued accurately portrayed the financial condition of UHG and the regulated entities." (Id. at ¶ 9). However, Plaintiff posits that Milliman failed to meet its obligation when it "incorrectly certified that the regulated entities had adequate reserves to fund outstanding claims incurred but that were not reported giving UHG and the regulated entities the appearance of solvency, when, in fact, those reserves were inadequate." (Id. at ¶ 10).

BankUnited initiated this action against Milliman in state court on May 11, 2015, asserting the following counts:

Count I: Negligent Misrepresentation

Count II: Aiding and Abetting Negligent Misrepresentation

Count III: Aiding and Abetting Intentional Misrepresentation

(See Doc. # 2). Milliman removed this action on June 8, 2015, on the basis of diversity jurisdiction. (Doc. # 1). Thereafter, Milliman filed the present Motion (Doc. # 7), pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7), which is ripe for this Court's review.

## II. Legal Standard

### A. Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the

purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

### B. Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the]

5

complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### C. Fed. R. Civ. P. 12(b)(7)

"In considering a Rule 12(b)(7) motion, the Court applies the standards of Federal Rule of Civil Procedure 19 to determine whether dismissal is appropriate." Shibata v. Lim, 133 F. Supp. 2d 1311, 1315-16 (M.D. Fla. 2000).

Rule 19 sets forth a two-part analysis. Id. First, the Court must determine whether the absent person is a necessary party that should be joined under Rule 19(a). Laker Airways, Inc. v. British Airways, 182 F.3d 843, 847 (11th Cir. 1999).

6

"Whether a particular nonparty is necessary to an action is heavily influenced by the facts and circumstances of each case." Shibata, 133 F. Supp. 2d at 1316. However, when making its determination, the court must consider whether complete relief can be granted with the present parties, and whether the absent party has an interest in the disposition. Fed. R. Civ. P. 19(a).

If the person should be joined under Rule 19(a), but for some reason cannot be, the Court must then proceed to the second part of the analysis, which is contained in Rule 19(b). Shibata, 133 F. Supp. 2d at 1316. Under Rule 19(b), the court must decide whether "in equity and good conscience" the suit should proceed without the necessary party. Fed. R. Civ. P. 19(b). "The Court balances four factors in this analysis: (1) how prejudicial a judgment would be to the nonjoined and joined parties; (2) whether the prejudice could be lessened depending on the relief fashioned; (3) whether the judgment without joinder would be adequate; and (4) whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder." Shibata, 133 F. Supp. 2d at 1316.

III. **Analysis**

Milliman contends that dismissal of this action is warranted as (1) BankUnited lacks standing, pursuant to Fed.

7

R. Civ. P. 12(b)(1) and (2) BankUnited has failed to join indispensable parties, pursuant to Fed. R. Civ. P. 12(b)(7). (See Doc. # 7). In the alternative, Milliman argues that dismissal of Counts II and III is appropriate, under Fed. R. Civ. P. 12(b)(6), as BankUnited has failed to state a claim as to these Counts. (Id.).

The party invoking federal jurisdiction must establish that it has standing to assert its claim. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The requisite elements of Article III standing are well established: "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984).

Milliman concedes that BankUnited has standing to assert its *own claims* against Milliman, and therefore, this Court has subject matter over BankUnited's claims. (Doc. # 28 at 2). However, Milliman contends that BankUnited's standing to assert its own claims does not give BankUnited standing or the ability to assert claims on behalf of Capital Bank, Mercantil Commercebank, Israeli Discount Bank, and BCI Miami ("Other Banks"). (Id.).

In the Complaint, BankUnited contends that it is the Administrative Agent for a lending group, which includes the Other Banks. (Doc. # 2 at ¶¶ 6, 41, 55, 63). According to BankUnited, "[t]he definition of Administrative Agent in this context, and the powers granted to [BankUnited] under the Credit Agreement, provide that [BankUnited] is the proper party to bring these claims." (Doc. # 25 at 11). To that end, BankUnited requests that this Court take judicial notice of Sections 8.1 and 8.2 of the relevant Credit Agreement. (Id.). Noteworthy, BankUnited has failed to provide this Court with the relevant Credit Agreement; instead, BankUnited offers this Court a case citation in which the relevant document can be found. (Id.; see In re Universal Health Care Grp., Inc., Case No. 13-bk-01520-KRM (Bankr. M.D. Fla.)). However, Milliman supplied the Court with the pertinent sections of the Credit Agreement. (See Doc. # 28).

Regardless of whether this Court were to take judicial notice of any portion of the Credit Agreement, the Court agrees with Milliman that the Complaint and the cited provisions of the Credit Agreement "do not support BankUnited's argument." (Doc. # 20 at 3). In fact, these sections "contain no assignment or delegation to BankUnited

9

of the power to bring tort claims, which are the subject of Milliman's motion to dismiss, against third parties." (Id.).

Specifically, Section 8.1 appoints BankUnited as the Administrative Agent, but does not identify BankUnited's powers or duties:

> Each of the Lenders and the Issuing Lender hereby irrevocably appoints BankUnited to act on its behalf as the Administrative Agent hereunder and under the other Credit Documents and authorizes the Administrative Agent **to take such actions on its behalf and to exercise such powers as are delegated to the Administrative Agent by the terms hereof or thereof, together with such actions and powers as are reasonably incidental thereto.** The provisions of this Article are solely for the benefit of the Administrative Agent, the Lenders and the Issuing Lender, and neither the Borrower nor any other Credit Party shall have rights as a third party beneficiary of any of such provisions.

(Id.)(emphasis added). Section 8.2, likewise, fails to state that BankUnited may bring any litigation on behalf of the Other Banks:

> None of the Lenders or other Persons identified herein shall have or be deemed to have any fiduciary relationship with any Lender. Each Lender acknowledges that it has not relied, and will not rely, on any of the Lenders or other Persons so identified in deciding to enter into this Agreement or in taking or not taking action hereunder. The Administrative Agent may perform any and all of its duties and exercise its rights and powers hereunder or under any other Credit Document by or through any one or more sub-agents appointed by the

> Administrative Agent. The Administrative Agent and any such sub-agent may perform any and all of its duties and exercise its rights and powers by or through their respective Related Parties. The exculpatory provisions of this Article shall apply to any such subagent and to the Related Parties of the Administrative Agent and any such subagent, and shall apply to their respective activities in connection with the syndication of the credit facilities provided for herein as well as activities as Administrative Agent.

(Id.).

From the Court's review, there is nothing in these sections that grants BankUnited the authority (i.e., standing) to bring the claims asserted in this case against Milliman on behalf of the Other Banks. Unpersuaded, at this time, that BankUnited has sufficiently demonstrated the requisite standing to bring this action on behalf of the Other Banks, the Court grants Milliman's Motion.

However, the Court will allow BankUnited to file an amended complaint detailing how it has standing to bring these claims on behalf of the Other Banks. If BankUnited determines that referencing the Credit Agreement is necessary, BankUnited should attach that document to the amended complaint or provide in detail all relevant sections, which explain how BankUnited has standing to bring this action.

BankUnited's amended complaint shall also set forth the citizenship of Capital Bank, Mercantil Commercebank, Israeli

Discount Bank, and BCI Miami. This information will aid the Court's diversity jurisdiction analysis in the event that the Court finds that BankUnited does not have standing to bring claims on behalf of the Other Banks and/or that the Other Banks are found to be indispensable parties. Accordingly, Milliman's Motion is granted to the extent set forth above.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Milliman, Inc.'s Motion to Dismiss (Doc. # 7) is **GRANTED**.

(2) Plaintiff BankUnited, N.A. has until **August 7, 2015**, to file an Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of July, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record